**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.** _____

PETER V. ANDERSON, on behalf of himself and others similarly situated,

    Plaintiffs

v.

SYNGENTA SEEDS, INC., a Delaware corporation,
SYNGENTA AG, a Swiss corporation,
SYNGENTA CROP PROTECTION AG, a Swiss corporation,
SYNGENTA CORPORATION, a Delaware corporation,
SYNGENTA CROP PROTECTION, LLC, a Delaware limited liability company,
SYNGENTA BIOTECHNOLOGY, INC., a Delaware corporation,
GAVILON GRAIN, LLC, a Delaware limited liability company,
ARCHER DANIELS MIDLAND COMPANY, a Delaware corporation,
BUNGE NORTH AMERICA, INC., a New York corporation,
CARGILL, INCORPORATED, a Delaware corporation,
CARGILL INTERNATIONAL, SA, a Swiss corporation,
LOUIS DREYFUS COMMODITIES, LLC, a Delaware limited liability company, and
LOUIS DREYFUS COMMODITIES, B.V., a private limited liability company incorporated in the Netherlands,

    Defendants.

---

## U.S. SYNGENTA DEFENDANTS' NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Crop Protection, LLC, and Syngenta Biotechnology, Inc. (collectively, "Syngenta"), expressly reserving all rights otherwise to respond to this lawsuit, including but not limited to any objection to improper venue, hereby remove the above-captioned case, which was filed in the District Court of Morgan County, Colorado, and captioned No. 2015-CV-30106, to the United States District Court for the District of Colorado.

This case is removable because this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and thus removal is proper under 28 U.S.C. § 1453(b).

## REMOVAL JURISDICTION

1.  This case is a civil action that was filed on November 17, 2015, in the District Court of Morgan County, Colorado, styled *Anderson v. Syngenta Seeds, Inc. et al.*, No. 2015-CV-30106. *See* Complaint (attached as Ex. A). Syngenta Corporation was served with the Complaint on December 3, 2015 by personal service on its registered agent for service in Delaware. *See* Executed Summonses and Service Transmittals (attached as Ex. C). Syngenta Crop Protection, LLC was served with the Complaint on November 23, 2015 by personal service on its registered agent for service of process in Colorado. Syngenta Seeds, Inc. was served with the Complaint on November 23, 2015 by personal service on its registered agent for service of process in Colorado. Plaintiff purported to serve Syngenta Biotechnology, Inc. with the Complaint on December 3, 2015, but as explained below, *see infra* para. 8, Syngenta Biotechnology, Inc. has been merged into Syngenta Crop Protection, LLC and no longer exists as a separate corporate entity. Defendants Syngenta AG and Syngenta Crop Protection AG are Swiss companies that have not been served.

2.  Neither the consent nor joinder of Syngenta AG, Syngenta Crop Protection AG, or the other defendants is necessary for removal under CAFA. *See* 28 U.S.C. § 1453(b) (permitting CAFA removal "by any defendant without the consent of all defendants").

3.  Removal is timely under 28 U.S.C. § 1446(b). Syngenta has filed this Notice of Removal within thirty (30) days of when the Complaint and summons were served on November 23, 2015. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999); *see also Shackelford v. U.S. Beef Corp.*, No. 14-cv-01856-MJW, 2015 WL 996384, at *1 (D. Colo.

Mar. 3, 2015) ("[T]h[e] deadline for removal does not begin to run until [the defendant] is formally served with process.") (citing *Murphy Bros.*, 526 U.S. at 356).

4. Removal to this Court is proper because the District of Colorado is the district embracing the place (Morgan County, Colorado) where the action was filed. 28 U.S.C. § 1441(a).

5. As required by 28 U.S.C. § 1446(a), Syngenta has attached to this notice "a copy of all process, pleadings, and orders served upon" them. More specifically, and in accordance with Local Rule 81.1(b), the following documents are attached: (a) plaintiff's Complaint (Ex. A); (b) the current state-court docket sheet (register of actions) (Ex. B); and (c) all process, pleadings, and orders that have been served upon Syngenta (Ex. C, removing the multiple copies of the Complaint and Civil Cover Sheet because it is attached as Ex. A).

6. Upon filing this Notice of Removal, Syngenta will provide written notification to plaintiff's counsel and will file a Notification of Removal (attaching a copy of this Notice of Removal) with the District Court of Morgan County, Colorado.

## BACKGROUND

7. Plaintiff Peter V. Anderson is an individual who resides in and is a citizen of Colorado. Compl. ¶ 11.

8. No Syngenta defendant is a citizen of Colorado. Defendants Syngenta Seeds, Inc., Syngenta AG, Syngenta Crop Protection AG, and Syngenta Corporation are corporations each of which is incorporated outside of Colorado and each of which has its principal place of business outside of Colorado. Specifically, Syngenta Seeds, Inc. is a Delaware corporation with its principal place of business in Minnetonka, Minnesota. *Id.* ¶ 12. Syngenta AG and Syngenta Crop Protection AG are Swiss corporations with their principal place of business in Basel, Switzerland. *Id.* ¶¶ 13-14. And Syngenta Corporation is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id.* ¶ 15; *see Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)

(holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of corporation's activities). Defendant Syngenta Crop Protection, LLC is a limited liability company organized under the laws of the state of Delaware and does not have any member that is a citizen of Colorado. Syngenta Crop Protection, LLC's sole member is Syngenta Seeds, Inc. Compl. ¶ 16; *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("join[ing] all other circuits that have considered the matter in concluding [that a limited liability company] takes the citizenship of all its members"). Although plaintiff has also named Syngenta Biotechnology, Inc. as a defendant, Syngenta Biotechnology, Inc. was merged into Syngenta Crop Protection, LLC as of December 31, 2014. Prior to this merger, Syngenta Biotechnology, Inc. was incorporated in Delaware with its principal place of business in North Carolina. Compl. ¶ 17.

9. Plaintiff also alleges that the other Defendants are not citizens of Colorado. *See id.* ¶ 18 (alleging that Defendant Gavilon Grain, LLC is "a citizen of the states of Delaware and Nebraska" because it is a limited liability company whose "sole member" is "a citizen of the states of Delaware and Nebraska"); *id.* ¶ 21 (alleging that Defendant Archer Daniels Midland Company "is a citizen of the states of Delaware and Illinois" because it "is a Delaware corporation" with "its principal place of business in Decatur, Illinois"); *id.* ¶ 22 (alleging that Defendant Bunge North America, Inc. "is a citizen of the states of New York and Missouri" because it "is a New York corporation with its principal place of business in St. Louis, Missouri"); *id.* ¶ 23 (alleging that Defendant Cargill, Incorporated "is a citizen of the states of Delaware and Minnesota" because it "is a Delaware corporation with its principal place of business in Minnetonka, Minnesota"); *id.* ¶ 24 (alleging that Defendant Cargill International SA "is a Swiss corporation with its principal place of business in Geneva, Switzerland"); *id.* ¶ 26 (alleging that Defendant Louis Dreyfus

4

Commodities, LLC is a Delaware limited liability company whose "sole member" is a "citizen of the states of Delaware and Connecticut," making Louis Dreyfus Commodities, LLC "a citizen of the states of Delaware and Connecticut"); *id.* ¶ 27 (alleging that Defendant Louis Dreyfus Commodities B.V. is a "private limited liability company incorporated in the Netherlands" with its "principal place of business" in the Netherlands).

## JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT

10. Congress enacted CAFA to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1346 (2013). To further Congress' intent, the Supreme Court made clear just last Term that CAFA must be interpreted "broadly" in favor of removal and that "no antiremoval presumption" applies in "cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also, e.g.*, *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions."); *Dennis v. Progressive N. Ins. Co.*, No. CIV-14-1375-HE, 2015 WL 1356922, at *1 n.2 (W.D. Okla. Mar. 24, 2015) (citing *Dart Cherokee* in recognizing that any antiremoval presumption "does not apply to removals under the Class Action Fairness Act"). Under CAFA, an action is removable to federal court if (1) there is minimal diversity; (2) the proposed class contains at least 100 members; and (3) the amount in controversy is at least $5 million in the aggregate. 28 U.S.C. §§ 1332(d), 1453(b); *see, e.g.*, *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014) (citing *Standard Fire Ins. Co.*, 133 S. Ct. at 1348).

11. **Minimal Diversity Of Citizenship.** Minimal diversity exists because the only named plaintiff is a citizen of Colorado, the Complaint alleges a class consisting only of Colorado corn producers, *see* Compl. ¶ 89, and none of the defendants is a citizen of Colorado. *See supra* ¶

7-9; 28 U.S.C. § 1332(d)(2)(A) (minimal diversity met where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see, e.g.*, *Parks v. USAA*, No. 12-cv-02016-PAB-MJW, 2012 WL 5290170, at *2 (D. Colo. Oct. 26, 2012) (same).

12. **Putative Class Contains 100 Or More Class Members.** The putative class contains at least 100 class members according to the Complaint. 28 U.S.C. § 1332(d)(5)(B). Plaintiff defines his putative class as "all individuals and entities who were corn producers in the State of Colorado who neither purchased nor knowingly grew [corn from Syngenta's two corn seeds at issue in plaintiff's allegations], and priced their corn for sale on or after November 18, 2013." Compl. ¶ 89. Plaintiff explicitly represents that "there are more than thousands of members of this class." *Id.* ¶ 91. Furthermore, according to the most recent data available, more than 2,500 farms in Colorado harvest corn. *See:*

> U.S. Dep't of Agric., *2012 Census of Agriculture: Colorado*, 27 (May 2014), http://www.agcensus.usda.gov/Publications/2012/Full_Report/Volume_1,_Chapter_1_State_Level/Colorado/cov1.pdf.

13. **$5 Million Aggregate Amount In Controversy.** The face of the Complaint confirms that the aggregate amount in controversy exceeds $5 million. Plaintiff defines the putative class to include "all individuals and entities who were corn producers in the State of Colorado who neither purchased nor knowingly grew [corn from Syngenta's two corn-seed products at issue in this case] and priced their corn for sale on or after November 18, 2013." Compl. ¶ 89. Plaintiff's proposed class purports to include most Colorado corn farmers, and total corn sales in Colorado were more than $850 million in 2012 alone, *see:*

> U.S. Dep't of Agric., *2012 Census of Agriculture: Colorado*, 56 (May 2014), http://www.agcensus.usda.gov/Publications/2012/Full_Report/Volume_1,_Chapter_1_State_Level/Colorado/cov1.pdf.

It is on behalf of this putative class that plaintiff alleges a litany of damages, including "diminished prices for U.S. corn resulting from the loss of export markets as well as cleaning and other remediation costs" for "farmland, farming equipment, storage facilities, harvesting equipment, and transportation facilities and equipment," Compl. ¶ 66.  The Complaint explicitly alleges that the defendants' challenged conduct, based on a supposedly "conservative[] calculat[ion]," caused "between $1 billion and $2.9 billion" in damages to "farmers and other industry stakeholders" as of April 2014, and alleges that the "total harm to the grains sector for the 2014-15 marketing year could be even higher—as high as $3.4 billion." *Id.* ¶ 62.  According to plaintiff, "there is no end in sight to the loss of the Chinese market to U.S. corn" and the damages alleged. *Id.* ¶ 65.  Even using plaintiff's lowest "conservative[]" estimate ($1 billion) to calculate only the damages based on the alleged drop in U.S. corn prices (and not including the other categories of damages alleged by plaintiff), plaintiff claims that each of the approximately 350,000 U.S. corn farmers suffered at least $2,857.14 in damages, and thus the 2,500-plus Colorado corn farmers in plaintiff's putative class suffered over $7,142,850 in aggregate damages.  Moreover, in addition to compensatory and consequential damages, plaintiff also seeks punitive damages against each defendant. *Id.* ¶¶ 105, 117; *see also id.* at 38 (Request For Relief); *see Chen v. Dillard Store Servs., Inc.*, 579 F. App'x 618, 621 (10th Cir. 2014) (holding that punitive damages may be "properly considered" in determining the amount in controversy).  Given the size of the putative class, the size of Colorado's corn market, and the numerous categories and types of damages sought by plaintiff, CAFA's amount in controversy is unquestionably met. *See, e.g.*, *Armour v. Transamerica Life Ins. Co.*,

7

No. 11-cv-2034-KHV, 2011 WL 1699281, at *5 (D. Kan. May 4, 2011) (amount in controversy satisfied based on size of class, "calculations based on [the] allegations," and defendant's "fair reading" of the complaint).

14. Indeed, related class actions concerning the same subject matter have been filed against Syngenta in other state courts and successfully removed to federal court under CAFA based on parallel allegations. *See, e.g.*, Notice of Removal, Dkt. 1, *W. Edgar Wilman 2000 Trust v. Syngenta AG*, No. 2:15-cv-2012-JWL-JPO (D. Kan. Nov. 14, 2014) (removed from Arkansas state court and transferred to federal Multi-District Litigation ("MDL")); Notice of Removal, Dkt. 1, *Fornea-5, LLC v. Syngenta AG*, No. 2:15-cv-2017-JWL-JPO (D. Kan. Nov. 21, 2014) (removed from Louisiana state court and transferred to federal MDL); *In re Syngenta AG MIR162 Corn Litig.*, No. 2:14-md-2591-JWL-JPO, 2015 WL 2092435, at *1 (D. Kan. May 5, 2015) (upholding removal of *Fornea-5* and *W. Edgar Wilman 2000 Trust* under CAFA).

15. None of CAFA's narrow exceptions applies. *See, e.g.*, *Dutcher v. Matheson*, 16 F. Supp. 3d 1327, 1332 (D. Utah 2014) (collecting cases and holding that "[t]he exceptions to CAFA jurisdiction are 'intended to be narrow, with all doubts resolved in favor of exercising jurisdiction over the case'"). The local-controversy exception does not apply because none of the defendants is a citizen of Colorado. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) (requiring, in part, for the exception to apply, that "at least [one] defendant is a defendant who is a citizen of the State in which the action was originally filed"); *see also, e.g.*, *Woods*, 771 F.3d at 1265. The home-state controversy exception and discretionary exception do not apply for the same reason. *See* 28 U.S.C. § 1332(d)(4)(B) (requiring in part that "the primary defendants, are citizens of the State in which the action was originally filed" for the home-state controversy exception); 28 U.S.C. § 1332(d)(3) (requiring in part that "the primary defendants are citizens of the State in which the action was

originally filed" for the discretionary exception); *see also, e.g.*, *Jeter v. Wild West Gas, LLC*, No. 12-cv-411-TCK-PJC, 2014 WL 3890308, at *4 (N.D. Okla. Aug. 7, 2014) (same for both home-state controversy exception and discretionary exception).

## CONCLUSION

For the foregoing reasons, Syngenta removes this action from the District Court of Morgan County, Colorado, to the United States District Court for the District of Colorado.

December 8, 2015                     Respectfully submitted,

*/s/ David S. Chipman*
David S. Chipman (#25784)
CHIPMAN GLASSER, LLC
2000 S. Colorado Blvd.
Tower One, Suite 7500
Denver, CO 80222
Tel: (303) 578-5785
Fax: (303) 578-5790
dchipman@chipmanglasser.com

*Counsel for Defendants Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc., and Syngenta Seeds., Inc.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system.  I also certify that a copy has been served on counsel for plaintiff via U.S. mail, postage prepaid and properly addressed, this 8th day of December, 2015:

Robert D. Green
ROBERT D GREEN & ASSOCIATES, P.C.
440 Louisiana Street, Ste. 1930
Houston, TX 77002
Telephone: (713) 654-9222
Fax: (713) 654-2155
green@greentriallaw.com

                                         */s/ Michelle Burns*
                                         Michelle Burns